IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOM CURTIS DOWDY,

                     Plaintiff,

  v.                                              OPINION and ORDER

DODGE CORR. INST.,                         24-cv-198-jdp

                     Defendant.

---

Plaintiff Tom Curtis Dowdy, without counsel, alleges that he has improperly received a custody classification of maximum. Dowdy is incarcerated at Dodge Correctional Institution (DCI). According to Dowdy, when DCI employee M. Henken determined his classification status, Henken improperly considered: (1) criminal charges that were dismissed but read in; (2) a criminal offense from more than ten years ago; and (3) prison conduct reports from more than three years ago. Dowdy brings double jeopardy and retaliation claims.

Because Dowdy is incarcerated, I must screen the complaint under 28 U.S.C. § 1915A and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Dowdy's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the complaint because it fails to state a claim upon which relief may be granted and is legally frivolous, but I will allow Dowdy to file an amended complaint to name the correct defendant and fix the problems with his retaliation claim.

ANALYSIS

Dowdy's double jeopardy and retaliation claims have a common problem: he sued the wrong defendant. Even had Dowdy sued the correct defendant, his claims would be deficient. I will explain these pleading deficiencies in more detail in the following sections.

**A. Improper defendant**

I will not allow Dowdy to proceed on any of his claims because he has named DCI as the sole defendant, and a state prison cannot be sued in a federal civil rights action. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

**B. Double jeopardy**

As relevant here, the Double Jeopardy Clause prohibits multiple punishments for the same offense. *United States v. Hatchett*, 245 F.3d 625, 630 (7th Cir. 2001). But a change in a prisoner's custody classification doesn't qualify as punishment for double jeopardy purposes. *Barlor v. Patton*, 681 F. App'x 674, 678 (10th Cir. 2017); *Welch v. Epps*, 103 F. App'x 828, 829 (5th Cir. 2004); *Taylor v. Gomez*, 182 F.3d 927, at *1 (9th Cir. 1999); *see also Singleton v. Page*, 202 F.3d 274, *2 (7th Cir. 1999) ("Prison discipline . . . doesn't constitute 'punishment' . . . for double jeopardy purposes."). I will not allow Dowdy to proceed on his double jeopardy claim because.

**C. Retaliation**

To state a retaliation claim, Dowdy must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). To plead that a defendant was motivated to retaliate based on the

plaintiff's protected activity, the plaintiff must allege that the defendant had actual knowledge of the protected activity. *See Eaton v. J. H. Findorff & Son, Inc.*, 1 F.4th 508, 512 (7th Cir. 2021); *Healy v. City of Chicago*, 450 F.3d 732, 740 (7th Cir. 2006).

Dowdy alleges that that he "feel[s]" that Henken gave him a maximum security classification "for all the complaints" he filed at DCI. Dkt. 1 at 3. This allegation alone doesn't support a plausible inference that Henken knew about those complaints, and Dowdy's other allegations suggest that Henken based his custody classification on an application of state law, though perhaps a mistaken view of that law. These allegations aren't enough to infer that Dowdy's inmate complaints motivated Henken's decision to give him a maximum security classification. Even if Henken were named as a defendant, I would not allow Dowdy to proceed on a retaliation claim based on these allegations.

### D. Conclusion

I will allow Dowdy to file an amended complaint to name the proper defendant or defendants and to clarify the basis of his retaliation claim. I will not allow Dowdy to pursue the double jeopardy claim because that claim is legally baseless and could not be fixed by adding clarifying details. In drafting his amended complaint, Dowdy must remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Tom Curtis Dowdy's complaint, Dkt. 1, is DISMISSED because it fails to state a claim and is legally frivolous.

2. Plaintiff may have until May 28, 2024, to submit an amended complaint that names the proper defendant or defendants and fixes the problems with his retaliation claim.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

8. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered April 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge